## FRANKISH v. SMITH.

### No. 12,611; December 4, 1888.

19 Pac. 701.

**Quieting Title—Evidence.**—Where the Decisive Question in an action to quiet title is whether a note given for the purchase of the land was intended as an absolute payment, or as an evidence of debt, and the evidence is conflicting, a finding that it was merely evidence of debt will not be disturbed.

APPEAL from Superior Court, San Bernardino County; James E. Gibson, Judge.

Action by Charles Frankish against J. H. Smith to quiet title to a piece of land which plaintiff had contracted to sell to defendant. Plaintiff obtained judgment. Defendant appeals.

Rowell & Rowell for appellant; W. Taylour English for respondent.

FOOTE, C.—Action to quiet title. The principal point of contention in this case is as to whether a note for $500, given by Smith on the purchase of a piece of land from Frankish, was intended as an absolute payment, or as an evidence of debt. The defendant contends that the evidence shows it was accepted as an absolute payment of so much of the purchase price for the land, and that the remedy of the plaintiff was thenceforward by suit on the note, distinct from any claim on the land. The court below found that the note was not accepted as payment; that it was not paid when due; and that thereupon the plaintiff, as he had a right to do under a written contract of sale of the land contemporaneous with and a part of the same transaction as the giving of the note for $500, rescinded the contract of sale; and that the tender of payment of the note last mentioned, and another note for a deferred payment, given at the time when the agreement to sell was made, came too late. There was a sharp con-

flict in the evidence upon the points involved, and we advise that the judgment and order be affirmed.

We concur: Belcher, C. C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.